IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL J. LONGS II,

              Plaintiff,

vs.

TROY L. HAWK,

              Defendant.

4:18CV3146

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). ([Filing No. 14](#).) Plaintiff was previously granted leave to proceed IFP on November 1, 2018. ([Filing No. 8](#).) On December 10, 2018, the court directed Plaintiff to either file a new request for leave to proceed IFP or pay the court's $400.00 filing and administrative fees within 30 days due to Plaintiff's indication that he was no longer incarcerated. ([Filing No. 13](#).) Subsequently on January 9, 2019, the court received notice that Plaintiff had been re-incarcerated in the Lancaster County Jail in Lincoln, Nebraska. (*See* [Filing No. 1](#), Case No. 4:19CV3001.) Accordingly, the court deemed it no longer necessary for Plaintiff to file a new request for leave to proceed IFP or pay the court's filing and administrative fees.

Because Plaintiff is incarcerated, he must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." [28 U.S.C. § 1915(b)(2)](#). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's

account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Plaintiff has paid the initial partial filing fee, and Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Again, Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (filing no. 14) is denied as moot.

2. Plaintiff's institution must collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

3. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

4. Plaintiff is advised that the next step in Plaintiff's case is for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 14th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge