IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL J. LONGS II, | |
|---|---|
| Plaintiff, | 4:18CV3146 |
| vs. | |
| TROY L. HAWK, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on October 23, 2018, when he was incarcerated at the Lancaster County Department of Corrections. (Filing No. 1.) He has been given leave to proceed in forma pauperis.[1] (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the court will consider Plaintiff's Motion to Amend (filing no. 10) and its attachments as supplemental to the Complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action against Troy Hawk ("Hawk"), Clerk of the Lancaster County District Court ("Clerk"), alleging Hawk violated 18 U.S.C. §§

---

[1] Plaintiff filed his Complaint in this matter on October 23, 2018, while he was incarcerated. The court granted him leave to proceed in forma pauperis on November 1, 2018, also while he was incarcerated. On April 12, 2019, the clerk of the court received correspondence from the Lancaster County Department of Corrections indicating Plaintiff was no longer incarcerated there. (See Filing No. 16.) As directed by the court (see filing no. 17), Plaintiff filed a change of address on April 23, 2019, confirming that he is no longer incarcerated. (See Filing No. 19.) At the time Plaintiff updated his address, the court should have required Plaintiff to file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis or, in the alternative, pay the court's $400.00 filing and administrative fees since he is no longer incarcerated. As the court is giving Plaintiff leave to amend his Complaint, the court will also direct Plaintiff to address the matter of his authorization to continue to proceed in forma pauperis in this matter.

2071 and 2076 "by unlawfully concealing our Appeal in Case NO CI-18-2939 & refusing our in forma pauperis on 4 occasions, also denying our appeal on CR-17-1508 of our bond forfeiture." (Filing No. 1.) Plaintiff further alleges Hawk denies Plaintiff's "fiancé filing paperwork [Plaintiff] author[s] [him]self, telling her she's not a lawyer." (*Id.*) Plaintiff alleges Hawk is acting in concert with other court and county officials to deny Plaintiff his First Amendment rights.

On November 29, 2018, Plaintiff filed a Motion to Amend (filing no. 10) his Complaint in order to add Lindsey Roby ("Roby"), the Lancaster County Court Clerk, as a defendant. Plaintiff alleges Roby, on numerous occasions, received Plaintiff's filings, and "rather than file [them], she alerts Jail officials, and sends them back opened for Jail officials to inspect, and [she] refuses to file them and correspond with [Plaintiff]" in violation of his First Amendment right. (*Id.*) The filings allegedly refused by Roby relate to Plaintiff's apparent attempt to file a tort claim related to property he claims was stolen at the jail. Plaintiff attached to his motion several documents which indicate several of his "praecipes" for a tort claim and "appeals" were returned to him either because the Clerk lacked the form Plaintiff was seeking or because the Clerk was unable to process Plaintiff's appeal without the required filing fee or in forma pauperis documents. (Filing No. 10-1.)

As relief, Plaintiff seeks injunctive relief and damages. (Filing No. 10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construing Plaintiff's allegations, Plaintiff seems to be claiming that Hawks and Roby (collectively "Defendants") deprived him of his constitutional right to access the courts. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, Plaintiff does not specify in what capacity Defendants are being sued, so the court must assume they are sued in their official capacities. *See*

3

*Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against Defendants are claims against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's clerk's office employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that Lancaster County has a policy or custom of denying prisoners access to the courts. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges an access to courts claim against Defendants in their official or individual capacities. To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (internal quotation marks omitted).

Here, Plaintiff alleges nothing about the "praecipes," "appeals," or other filings Defendants have failed to file such that the court would be able to analyze whether Plaintiff has a nonfrivolous, arguable, underlying claim and whether Defendants' actions caused Plaintiff to suffer actual injury or prejudice. Any amended complaint filed by Plaintiff must include such allegations.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **July 26, 2019**, to amend his Complaint to set forth good-faith factual allegations regarding: (a) the filings Defendants allegedly failed to file; (b) how Defendants' actions caused Plaintiff to suffer actual injury or prejudice; and (c) the existence and contents of an official policy or custom that caused a violation of Plaintiff's constitutional right to access the courts. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1; filing no. 10) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. In addition, by **July 26, 2019**, Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the court's $400.00 filing and administrative fees. Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

5. The clerk of the court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

6. Plaintiff's Motion to Amend (filing no. 10) is granted to the extent that the court will consider the motion and its attachments as supplemental to the Complaint.

7. The clerk of the court is directed to set a pro se case management deadline using the following text: **July 26, 2019**: deadline for amended complaint and new IFP application or pay filing fee.

Dated this 26th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge